IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Pauline A. Phillips, | ) | C/A No.: 0:12-532-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Shaw Constructors, Inc., and Thomas Childers, in his individual capacity, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

In this employment discrimination case, plaintiff Pauline A. Phillips ("Plaintiff") sues her former employer Shaw Constructors, Inc. ("Shaw") alleging a gender discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). Plaintiff has also named defendant Thomas Childers ("Childers") in his individual capacity and asserted claims of assault and battery against Shaw and Childers.

This matter comes before the court on Shaw's partial motion to dismiss filed on March 29, 2012 pursuant to Fed. R. Civ. P. 12(b)(6). [Entry #11]. The motion seeks dismissal of Plaintiff's claims of assault and battery against Shaw. *Id.* Plaintiff filed a response to the motion on May 7, 2012 [Entry #20], and Shaw filed a reply on May 17, 2012. [Entry #26]. The motion to dismiss having been fully briefed, it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.).

1

Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant the partial motion to dismiss.

I. Factual and Procedural Background

In her amended complaint,[1] Plaintiff asserts she was hired by Shaw in July 2009 as a Level III Helper (Carpenter). [Entry #24 at ¶¶ 8–9]. She contends that during her employment she was treated differently than her male counterparts with regard to being promoted to the position of Journeyman and was treated differently once promoted. *Id.* at ¶¶ 12–13, 19–30. Although she ultimately obtained the position of Journeyman, she claims she was terminated as part of an alleged reduction in force and was replaced with a male Journeyman within a few weeks of being laid off. *Id.* at ¶¶ 27–29. Plaintiff alleges that during her employment with Shaw, defendant Childers, a foreman, forcibly grabbed her arm in front of other people in Fall 2009. *Id.* at ¶¶ 14, 37. Although she claims she reported the incident to the site superintendent and to the general foreman on the job, she contends they wanted to keep the incident and complaint "within the group" and not make a report to Shaw's human resources department. *Id.* at ¶ 15. Plaintiff alleges that over the following week, Childers was verbally abusive to her in front of others. *Id.* at ¶ 16. She contends she ultimately reported the arm-grabbing incident to the

---

[1] Shaw filed its motion to dismiss based on the original complaint. Plaintiff filed an amended complaint on May 8, 2012 changing only the identity of Shaw from Shaw Group Inc. to Shaw Constructors Inc. [Entry #24]. Because Plaintiff did not alter the factual allegations, the undersigned treats Shaw's motion to dismiss as moving to dismiss the assault and battery claims in the amended complaint.

jobsite human resources supervisor and was later moved to another crew where she was supervised by someone other than Childers. *Id.* at ¶¶ 17–18.

II.  Discussion

   A.  Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

   B.  Analysis

Shaw argues that Plaintiff's assault and battery claims against it must be dismissed because they are subject to the exclusive, original jurisdiction of the South Carolina Workers' Compensation Commission and the rights and remedies provided by the South Carolina Workers' Compensation Act, S.C. Code Ann. § 42-1-10 et seq. (the "Act"). [Entry #11 at 1]. Plaintiff contends she did not suffer any injury cognizable under the Act and that the exclusivity provision of the Act, therefore, does not apply. [Entry #20 at 3–4]. Plaintiff further contends that even if her injuries were cognizable under the Act,

the exclusivity provision still would not bar her claims because the Act provides no statutory remedy upon which she could recover. *Id.* at 5.

The Act's exclusivity provision "precludes an employee from maintaining a tort action against an employer where the employee sustains a work-related injury." *Edens v. Bellini*, 597 S.E.2d 863, 867–68 (S.C. App. 2004) (citing *Tatum v. Medical Univ. of South Carolina*, 552 S.E.2d 18 (S.C. 2001)). The South Carolina Supreme Court has affirmatively stated that claims for "assault and battery caused by the action of another employee are within the scope of the Act since these actions arise from personal injury." *Dickert v. Metropolitan Life Ins. Co.*, 428 S.E.2d 700, 701 (S.C. 1993) (citing *Loges v. Mack Trucks*, 417 S.E.2d 538 (S.C. 1992)). Liability will fall outside of the Act, thereby allowing the employee to bring a tort action, only where the co-employee responsible for the battery can be considered the "alter ego" of the employer. *Dickert,* 428 S.E.2d at 701. However, only "dominant corporate owners and officers" may constitute alter egos, and the South Carolina Supreme Court has specifically declined to "extend the definition of alter ego to supervisory employees such as office manager." *Id.* (internal citations omitted).

South Carolina courts, including the District of South Carolina, have routinely dismissed assault and battery claims pled by employees against their employees based on the exclusivity provision. *See Dickert*, 428 S.E.2d at 702; *Loges*, 417 S.E.2d at 540; *see also Whicker v. Sci. Apps. Intern. Corp.*, C/A No. 2:11-3193, 2012 WL 4983864, at *2 (D.S.C. Sept. 20, 2012); *Todd v. Fed. Express Corp.*, C/A No. 4:09-1501, 2010 WL 1294070, at *1 (D.S.C. March 29, 2010).

4

Plaintiff's complaint alleges assault and battery claims based on the actions of defendant Childers, who plaintiff describes as a foreman. [Entry #24 at ¶ 37]. Plaintiff has made no allegations that Childers was acting as the alter ego of Shaw. Thus, Plaintiff's assault and battery claims against Shaw fall within the Act's exclusivity provision.

Plaintiff argues that she has not suffered any personal injuries as a result of the alleged assault and battery. [Entry #20 at 3–4]. Rather, she states that she suffered "dignitary and reputational harm," which she argues are injuries not subject to the Act's exclusivity provision. *Id.*

Plaintiff's argument does not save her claims of assault and battery against Shaw because her amended complaint does not allege dignitary and reputational harm. Plaintiff's assault claim alleges that defendant Childers "intentionally and willfully placed the plaintiff in fear of immediate harmful and offensive touching by touching and grabbing her willfully, offensively and harmfully without her permission and against her will." [Entry #24 at ¶ 37]. She asserts that as a direct and proximate cause of the alleged assault, she "has been damaged." *Id.* at ¶ 39. Plaintiff's battery claim alleges that defendant Childers "intentionally and willfully inflicted forcible contact upon plaintiff by touching and grabbing her willfully, offensively and harmfully without her permission and against her will." *Id.* at ¶ 41. She asserts that as a direct and proximate result of the battery, she "has been damaged." *Id.* at ¶ 42.

Plaintiff raised the contention that she suffered "reputational harm, embarrassment and harm to her dignity, rather than personal mental, emotional or physical injuries" for

5

the first time in her response to Shaw's motion to dismiss. [Entry #20 at 4]. However, a complaint cannot be amended by a plaintiff's brief in opposition to a motion to dismiss. *See Sheppard v. The LPA Group, Inc.*, C/A No. 2:07-564, 2008 WL 444685, at *3 (D.S.C. Feb. 15, 2008) (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991)); *see also Barclay White Skanska, Inc. v. Battelle Mem'l Inst.*, 262 F. App'x. 556, 563 (4th Cir. 2008) (citing *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.")). Consequently, Plaintiff's argument is unavailing that her injuries place her assault and battery claim against Shaw outside the scope of the exclusivity provision.

Even if Plaintiff had alleged in her complaint that she suffered dignitary and reputational harm, she has cited no authority for the proposition that assault or battery claims can result in any injury other than personal injury. She relies on *Frasier v. Verizon Wireless*, C/A No. 8:08-356, 2008 WL 724037 (D.S.C. March 17, 2008), as an analogous case. [Entry #20 at 4]. In *Frasier*, after noting that the South Carolina Supreme Court had previously held that slander was not barred by the provision, the court found that claims of invasion of privacy and false imprisonment were not barred by the exclusivity provision. *Frasier*, 2008 WL 724037, at *3. The *Frasier* court did not address assault or battery claims. *Id.* Thus, the case does not support Plaintiff's argument here.

Furthermore, the South Carolina Supreme Court has reiterated that the only exceptions to the Act's exclusivity provisions are: (1) where the injury results from the

act of a subcontractor who is not the injured person's direct employer; (2) where the injury is not accidental but rather results from the intentional act of the employer or its alter ego; (3) where the tort is slander and the injury is to reputation; or (4) where the Act specifically excludes certain occupations. *Cason v. Duke Energy Corp.*, 560 S.E.2d 891, 893 (S.C. 2002). None of these exceptions is here.

III.  Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends defendant Shaw's partial motion to dismiss [Entry #11] be granted as to Plaintiff's assault and battery claims against Shaw.[2]

IT IS SO RECOMMENDED.

October 31, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation.**

---

[2] The pending partial motion to dismiss did not address Plaintiff's Title VII claim against Shaw or the assault and battery claims against defendant Childers. Therefore, those claims presently survive.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).